**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5113**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY LEE BEASLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Chief District Judge. (CR-04-78)

Submitted: January 4, 2006     Decided: January 30, 2006

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendant Timothy Lee Beasley appeals the sentence the district court imposed on him after he pled guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). The district court calculated Beasley's sentence by applying the U.S. Sentencing Guidelines, which were mandatory at the time of the sentencing hearing. See United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004). Based in part on Beasley's prior convictions, it sentenced him to seventy-two months. Beasley objected at the sentencing hearing that his sentence was in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), and thus preserved his argument on appeal. See United States v. Rodriguez, No. 04-4609, slip op. at 6 (4th Cir. Jan. 3, 2006); United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

Beasley makes two arguments. First, Beasley contends that the district court violated his Sixth Amendment rights when it enhanced his sentence due to his prior convictions. His contention is misplaced. Although a judge cannot generally enhance a sentence above the statutory maximum based on facts not found by a jury beyond a reasonable doubt, United States v. Booker, 125 S. Ct. 738, 756 (2005), this rule does not apply to the fact of a prior conviction, see id.; Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). Beasley suggests that this exception is no longer good law, but we recently recognized its continued vitality.

2

<u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir. 2005). There was, therefore, no Sixth Amendment violation.

Second, Beasley argues that the district court erred in treating the Guidelines as mandatory because after <u>Booker</u> they are only advisory. <u>See</u> 125 S. Ct. at 756-57. We have noted that the remedial scheme announced in <u>Booker</u> applies both to defendants whose Sixth Amendment rights were violated and to defendants who suffered no constitutional violation. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005). Since the district court applied the Guidelines in a mandatory fashion when it sentenced Beasley, it committed legal error. <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 216-17 & n.7 (4th Cir. 2005).

Because Beasley objected below, we must inquire whether the district court's error was harmless. <u>See</u> <u>Rodriguez</u>, slip op. at 6. As to this question, the government bears the burden of proof. <u>Id.</u> at 7; <u>see also</u> <u>White</u>, 405 F.3d at 223 (noting that the distinction between harmless error and plain error is who bears the burden of proof). The government has not met this burden and does not oppose remanding the case for resentencing. <u>See</u> Br. of Appellee at 6-7, 9. As such, we vacate Beasley's sentence and remand for resentencing. On remand, the district court should sentence Beasley pursuant to the procedures set forth in <u>Hughes</u>. <u>See</u> 401 F.3d at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

VACATED AND REMANDED