**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4080**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROMMIE DALE THOMPSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-04-252)

_____

Submitted:  January 17, 2006          Decided:  March 8, 2006

_____

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rommie Dale Thompson seeks relief from the 180-month sentence imposed by the district court after he pled guilty to bank robbery, 18 U.S.C.A. § 2113(a) (West 2000).  In calculating his sentencing range, the district court found, inter alia, that Thompson was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2004).  Thompson's applicable Guideline range was 151 to 188 months of imprisonment, and treating the Guidelines as mandatory, the district court sentenced Thompson to a 180-month term of imprisonment.  Thompson does not challenge his conviction.

At his sentencing hearing, Thompson objected to the procedures utilized by the court, arguing that they violated the Sixth Amendment principles outlined in Blakely v. Washington, 542 U.S. 296 (2000).  Citing  United States v. Booker, 125 S. Ct. 738 (2005), on appeal, Thompson asserts that his sentence is unconstitutional.  Thompson asserts that his sentence violates Booker because the district court (1) sentenced him under a mandatory sentencing guidelines scheme and (2) violated his Sixth Amendment right by sentencing him as a career offender.  For the reasons set forth below, we vacate and remand for resentencing.[1]

---

[1]"We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Appellant's] sentencing." United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005).

In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held that treating the Guidelines as mandatory constitutes error under Booker. See id. at 216-17. Moreover, because Thompson's Blakely objection sufficed to preserve his statutory Booker claim, we must review his claim of statutory Booker error for harmless error. See United States v. Rodriguez, __ F.3d __, No. 04-4609, slip op. at 10 (4th Cir. Jan. 3, 2006) (holding that because the appellant had "properly preserved his claim of statutory Booker error by raising a timely Blakely objection at sentencing," the Court was "obliged to review his preserved claim of statutory Booker error for harmless error"). Accordingly, we must reverse unless the Government demonstrates that the error is harmless. See Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."). Our review of the record as a whole leads us to conclude that the Government has not met its burden of demonstrating that the error in sentencing Thompson under a mandatory Guidelines scheme does not affect his substantial rights. See Rodriguez, __ F.3d __, No. 04-4609, slip op. at 13 (noting that the sentencing court's silence must be interpreted in the appellant's favor when the burden rests on the Government). Thus, the error is not harmless.

Accordingly, we vacate Thompson's sentence and remand for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2]Because we vacate the sentence for statutory <u>Booker</u> error, we need not decide whether the district court committed Sixth Amendment error. We note, however, that to the extent that Thompson contends that sentencing him as a career offender based on his undisputed prior convictions is unconstitutional, that contention is foreclosed by this Court's opinion in <u>United States v. Collins</u>, 412 F.3d 515 (4th Cir. 2005), which held that an application of the career offender enhancement did not violate <u>Booker</u> where facts were undisputed, thereby making it unnecessary to engage in further factfinding about a prior conviction. <u>Id.</u> at 523.

4