**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4982**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENDALL LESHAWN MARTIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-02-216-V)

---

Submitted: February 3, 2006          Decided: March 10, 2006

---

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Lucky T. Osho, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, C. Nicks Williams, Amy E. Ray, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kendall LeShawn Martin pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). In this direct appeal, Martin asserts two challenges to his sentencing. Finding no merit to his claims, we affirm.

The district court sentenced Martin under the mandatory federal Sentencing Guidelines and established a base offense level of 24. The court enhanced Martin's base offense level by two levels under U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2004), because the gun involved in the crime was stolen. In addition, the court imposed a four-level enhancement under USSG § 2K2.1(b)(5) based on its finding that Martin possessed the firearm in connection with another felony offense. Finally, the court applied a three-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(a) and (b), yielding a total offense level of 27. Martin's criminal history score category was VI, resulting in a guideline range of 130 to 162 months in prison. USSG Ch. 5, Pt. A (Sentencing Table). The district court sentenced Martin to 120 months in prison, the statutory maximum sentence under 18 U.S.C. § 924(a)(2) (2000). USSG § 5G1.1(c)(1).

Martin first argues that the USSG § 2K2.1(b)(4) and (5) enhancements violated his constitutional rights because they increased his sentence based on facts that were not charged in the indictment and were neither admitted by Martin nor proven beyond a reasonable doubt. Martin preserved these issues by objecting at

sentencing based upon <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). <u>United States v. Rodriguez</u>, ___ F.3d ___, ___, 2006 WL 9602, at *3 (4th Cir. Jan. 3, 2006). When a defendant preserves a Sixth Amendment error, "we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003) (citations omitted); <u>see</u> <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. Crim. P. 52(a), and plain error standard in Fed. R. Crim. P. 52(b)), <u>cert. denied</u>, 126 S. Ct. 668 (2005).

In <u>United States v. Booker</u>, the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. 220, ___, 125 S. Ct. 738, 746, 750 (2005). Post-<u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, it must state its reasons for doing so. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).

Excluding the enhancements and without the reduction Martin received for acceptance of responsibility,[*] Martin's offense level would have been twenty-four and, thus, his guideline range would have been 100 to 125 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). Because the 120-month sentence Martin received is within that guideline range, we find no Sixth Amendment error. United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005).

Outside the Booker context, Martin also asserts that the district court erred in applying the four-level enhancement under USSG § 2K2.1(b)(5) for using or possessing a firearm "in connection with another felony offense." Application of this enhancement encompasses two requirements: (1) that the defendant committed "another felony" and (2) that he possessed the firearm "in connection with" the other felony. United States v. Blount, 337 F.3d 404, 406-07 (4th Cir. 2003). We find that, under the facts of this case, the district court committed no reversible error in applying this enhancement.

For these reasons, we affirm Martin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

- 4 -