**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4842**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTTIE LEE CLAY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-04-67)

---

Submitted: January 27, 2006       Decided: March 21, 2006

---

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

David Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Scottie Lee Clay appeals his sentence for possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).[1] We affirm in part, vacate in part, and remand for resentencing.

Clay contends that the district court used judicially found facts to enhance his sentence in violation of United States v. Booker, 543 U.S. 220 (2005). Clay admitted to possessing four stolen firearms, but the district court attributed twenty-seven stolen firearms to him, resulting in a six-level increase in Clay's offense level. This enhanced Clay's sentence based on facts not found by the jury beyond a reasonable doubt or admitted by Clay. However, there is no Sixth Amendment error where a defendant's sentence does not exceed the maximum authorized by the facts he admitted. United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). The four guns Clay admitted to support a two offense level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2005), yielding a total offense level of fourteen.[2] With Clay's category III criminal history, Clay's sentencing range would have been twenty-one to twenty-seven months.

---

[1]Clay does not appeal his conviction.

[2]As in Evans, 416 F.3d at 300 n.4 (4th Cir. 2005), for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed on Clay is compared against the guideline range he should have received, based on a jury verdict or admitted conduct, excluding the adjustment for acceptance of responsibility.

Clay's sentence of twenty-seven months falls within that range.  As Clay's sentence did not exceed the maximum authorized by the facts of the offense to which he pled guilty, no Sixth Amendment violation occurred.

Clay also contends that the district court's "statutory Booker error"--treating the sentencing guidelines as mandatory-- requires resentencing.  See United States v. Rodriguez, 433 F.3d 411, 414 (4th Cir. 2006) ("[A] court commits statutory error [under Booker] if it treats the Guidelines as mandatory, rather than as advisory.").  Clay preserved this issue by objecting under Blakely v. Washington, 542 U.S. 296 (2004), and our review thus proceeds under a harmless error analysis.  See Rodriguez, 433 F.3d at 415- 16.  The government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights.  Because the district court gave no indication of the sentence it would have imposed under a system of advisory Guidelines, we conclude that the government has failed to establish that the error in treating the Guidelines as mandatory was harmless.  See id. at 416.

Accordingly, we affirm Clay's conviction, vacate his sentence, and remand for resentencing in accordance with Booker. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>