**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4457**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRELL ANTONIO BURRELL, a/k/a Silly Rabbit,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William M. Nickerson, Senior District
Judge.  (CR-98-210-WMN)

Submitted:  August 31, 2005        Decided:  April 25, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant. Thomas M. DiBiagio, United States
Attorney, Jamie M. Bennett, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Darrell Antonio Burrell appeals from the judgment of the district court resentencing him to life imprisonment on a conviction for conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000). Although we affirm Burrell's conviction, we vacate his sentence and grant his motion to remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

Burrell first asserts that his conspiracy conviction should be set aside on the basis of the district court's removal of one of the two attorneys appointed to defend him on capital murder charges. He claims this action infected his entire trial with structural error. We considered and rejected this claim in Burrell's prior appeal. See United States v. Ray, No. 00-4409(L), (4th Cir. Mar. 19, 2003) (unpublished). Accordingly, we decline to reconsider this issue, and we affirm Burrell's conviction. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

Burrell also claims that the district court's imposition of sentence violated his Sixth Amendment right to trial by a jury. Burrell preserved this issue in the district court by objecting pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004). See United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006). Because Burrell preserved the issue, we review the district court's imposition of sentence de novo, and the Government bears the burden

of demonstrating that any error in the sentence is harmless. <u>See</u> <u>id.</u>; <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003).

In <u>Booker</u>, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. <u>See</u> <u>Booker</u>, 543 U.S. at 233-34 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (citing <u>Booker</u>, 543 U.S. at 258-65 (Breyer, J., opinion of the Court)).

After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If the district court imposes a sentence outside the guideline range, it must state its reasons for doing so. <u>Hughes</u>, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth

Amendment. Id. at 547 (citing <u>Booker</u>, 543 U.S. at 267-68 (Breyer, J., opinion of the Court)).

On the prior remand from this court, the district court applied the murder cross-reference pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1 (2000), and imposed a life sentence. The court also noted it would have alternatively applied the career offender enhancement pursuant to USSG § 4B1.1:

> I will say, if it has any import, that if I was wrong with respect to the law, that 2A1.1 [the murder cross reference] is not appropriate and Mr. Burrell is more appropriately sentenced, as Mr. Montemarano has argued, under the drug charge, that is, his career offender status, he would come out at a 37, and because of the murders that occurred and the clear evidence of Mr. Burrell's proclivities toward violence and his danger to the community, likelihood of recidivism, et cetera, I would sentence him to life, but that's not where we are.

(J.A. at 121). The facts that were used to enhance Burrell's sentence pursuant to the murder cross-reference were neither found by the jury nor admitted by Burrell. Accordingly, in light of <u>Booker</u>, Burrell's sentence was erroneous.[*]

We likewise conclude that the error was not harmless. Although the district court stated an alternative basis for a life sentence, the court provided the alternative in the event that we disagreed with the application of the murder cross-reference. The court did not make clear that it would have given the same sentence

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Burrell's sentencing.

if the guidelines were advisory rather than mandatory, and we decline to speculate as to whether the court would have imposed the same sentence under the now-advisory guidelines. Because we cannot conclude from the record before us that the district court would necessarily have applied the same sentence if it had considered the guidelines to be advisory, we must vacate Burrell's sentence and remand the case for resentencing.

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546 (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
