United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50955
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY PHILLIP VIALPANDO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, El Paso
USDC No. 3:04-CR-484-ALL-PRM
_____

Before JOLLY, BEAM[1] and BARKSDALE, Circuit Judges.

PER CURIAM:[2]

After a review of the record, study of the briefs, and consideration of oral argument, we find that the district court abused its discretion in failing to consider the Blakely objection raised by Vialpando at sentencing. By raising the Blakely objection at the sentencing hearing Vialpando properly preserved his Booker appeal. See United States v. Saldana, __ F.3d __, 2005 WL 2404810 (5th Cir. Sept. 30, 2005) (holding that the defendant

_____

[1] Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

[2] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"preserved his <u>Booker</u> challenge . . . by citing <u>Blakely</u> at his sentencing hearing"). As the government has correctly conceded that it cannot meet its burden of demonstrating harmless error, we remand the case for resentencing.

Although remand is required based on Vialpando's <u>Booker</u> claim, we note that his claims as to the validity of the eight prior Colorado convictions used by the district court in calculating Vialpando's criminal history score will also need to be addressed. While we agree with the district court that Vialpando's claim as to the lack of identity evidence linking him to those convictions is without merit, the district court on remand will need to determine if the right to counsel was satisfied as constitutionally required in each of the eight prior convictions at issue. As such the sentence of the district court is VACATED and the case is REMANDED for resentencing not inconsistent with this opinion.

VACATED and REMANDED.