UNITED STATES of America,
Plaintiff–Appellee,

v.

Efrain RODRIGUEZ, a/k/a Feratu
Rodriguez, Defendant–
Appellant.

No. 04–4609.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 2, 2005.

Decided Jan. 3, 2006.

**ARGUED:** Geremy Charles Kamens, Assistant Federal Public Defender, Office of the Federal Public Defender, Alexandria, Virginia, for Appellant. Beth Nicole Gibson, Special Assistant United States Attorney, Office of the United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Eugene J. Rossi, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by published opinion. Judge KING wrote the opinion, in which Judge TRAXLER and Judge DUNCAN joined.

## OPINION

KING, Circuit Judge.

Appellant Efrain Rodriguez seeks relief from the forty-six-month sentence imposed upon him after his 2004 guilty plea and conviction in the Eastern District of Virginia. Rodriguez was convicted of unlawfully entering the United States after having

been deported, following an earlier conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). In calculating his sentencing range, the district court found that Rodriguez had a prior conviction for a crime of violence and, pursuant to § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines, applied a 16–level sentencing enhancement. Treating the Guidelines as mandatory, the court sentenced Rodriguez at the bottom of his 46–to–57–month sentencing range. Rodriguez objected to the procedures utilized by the court, contending that they contravened the Sixth Amendment principles enunciated in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

On appeal, Rodriguez challenges his sentence by relying on *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in which the Supreme Court applied *Blakely's* principles to the Guidelines and decided that statutory error occurs when a sentencing court treats the Guidelines as mandatory. As explained below, Rodriguez's *Booker* claim entitles him to relief, and we vacate and remand.

### I.

On July 27, 2002, Rodriguez was convicted in the Circuit Court of Prince William County, Virginia, on two counts of aggravated sexual battery, in contravention of section 18.2–67.3 of the Virginia Code. He was sentenced in state court to ten years in custody on each offense, to be served concurrently, with eight years and eleven months suspended. On January 13, 2004, following his release from state custody, Rodriguez was removed to Mexico. Fifteen days later, on January 28, 2004, Rodriguez was found in Prince William County and arrested.

On March 28, 2004, the federal grand jury returned a single count indictment charging Rodriguez with violating 8 U.S.C. § 1326(a) and (b)(2),[1] by entering and being found in the United States following deportation, "after having been convicted of an aggravated felony." J.A. 6–7.[2] Rodriguez pleaded guilty to this offense on April 20, 2004. In connection with his plea, he executed a Statement of Facts, by which he admitted entering the United States "after being removed ... subsequent to a conviction for the commission of an aggravated felony." J.A. 18.

Rodriguez's presentence report (the "PSR"), filed on June 3, 2004, recommended a base offense level of 8, as provided for in § 2L1.2(a). It further recommended a finding that Rodriguez had been convicted of a crime of violence prior to his removal, and advised the court to apply the 16–level enhancement provided for in § 2L1.2(b)(1)(A)(ii).[3] The PSR also rec-

---

**1.** Section 1326(a) of Title 8 provides for a sentence of up to two years for an alien who, after being removed, enters the United States without permission. Section 1326(b)(2) authorizes an enhanced sentence of up to twenty years for an alien who contravenes § 1326(a) and "whose removal was subsequent to a conviction for commission of an aggravated felony."

**2.** Our citations to "J.A. _____" refer to the contents of the Joint Appendix filed by the parties in this appeal.

**3.** Section 2L1.2(b) of the Guidelines provides for various sentencing enhancements based upon a defendant's criminal history at the time of his removal. Section 2L1.2(b)(1)(A)(ii) provides for a 16–level increase if the defendant had a prior felony conviction for "a crime of violence," and § 2L1.2(b)(1)(C), an alternative provision, requires an 8–level increase if the defendant had previously been convicted of an aggravated felony. The Application Note to § 2L1.2(b), as relevant here, defines "crime of violence" to include "forcible sex offenses, statutory rape, sexual abuse of a minor, ... or

ommended granting Rodriguez a 3–level reduction for acceptance of responsibility, yielding a total offense level of 21.

Calculating Rodriguez's criminal history category as III, the PSR's recommended sentencing range was 46 to 57 months.

On June 24, 2004, as Rodriguez awaited sentencing, the Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), concluding that the State of Washington's mandatory sentencing guidelines contravened the Sixth and Fourteenth Amendments. On July 9, 2004, relying on *Blakely*, Rodriguez filed a written objection to the PSR, contending, inter alia, that application of the 16–level enhancement for a crime of violence (provided for in § 2L1.2(b)(1)(A)(ii)), rather than the 8–level enhancement (provided for in § 2L1.2(b)(1)(C)) for an aggravated felony (which he admitted in his guilty plea), would contravene his rights under the Sixth Amendment's Jury Clause.[4]

At his sentencing hearing, conducted on July 26, 2004, Rodriguez renewed his *Blakely* objection. Had the sentencing court applied the 8–level enhancement Rodriguez requested, instead of the 16–level enhancement proposed by the PSR, Rodriguez's total offense level would have been 13, yielding a sentencing range of 18 to 24 months. Adopting the PSR's crime-of-violence recommendation, the court

found "the Guidelines factors to be properly assessed at a range of 46 to 57 months," and it sentenced Rodriguez under the then-mandatory Guidelines to forty-six months in custody. J.A. 39.[5] Rodriguez has timely noted this appeal and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

There are, as a general proposition, two types of *Booker* errors. First, a sentencing court commits Sixth Amendment error if it enhances a sentence beyond the maximum authorized by facts found by a jury beyond a reasonable doubt or admitted by the defendant. *See Booker*, 125 S.Ct. at 756; *United States v. White*, 405 F.3d 208, 215 (4th Cir.2005). Second, a court commits statutory error if it treats the Guidelines as mandatory, rather than as advisory ("statutory *Booker* error"). *See Booker*, 125 S.Ct. at 757; *White*, 405 F.3d at 215. In this case, the sentencing court committed statutory *Booker* error in treating the Guidelines as mandatory.

## A.

We must begin our analysis of Rodriguez's claim of statutory *Booker* error by assessing the scope of our review, i.e., whether our review is for plain error or harmless error.[6] Where a defendant has raised an issue for the first time on

---

any offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(B)(iii)).

**4.** The Jury Clause ensures that "[i]n all criminal prosecutions, the accused shall enjoy the right to ... trial, by an impartial jury." U.S. Const. amend. VI.

**5.** Rodriguez was sentenced prior to our decision in *United States v. Hammoud*, 381 F.3d 316 (4th Cir.2004) (en banc), *vacated*, 543 U.S. 1097, 125 S.Ct. 1051, 160 L.Ed.2d 997 (2005), and the sentencing court did not an-

nounce an alternative sentence, *see Hammoud*, 381 F.3d at 353 (recommending in wake of *Blakely* that sentencing courts announce alternative sentences pursuant to 18 U.S.C. § 3553(a), treating Guidelines as advisory).

**6.** At oral argument, the Government conceded that Rodriguez is entitled to resentencing due to statutory *Booker* error. This concession does not end our inquiry, however, as we are not at liberty to vacate and remand for resentencing on the Government's concession of error alone. *See Orloff v. Willoughby*, 345

appeal, our review is for plain error only. *See* Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). A defendant seeking to overturn a ruling under the plain-error test bears the burden of showing (1) that an error occurred, (2) that it was plain, and (3) that the error affected his substantial rights. *Olano*, 507 U.S. at 732, 113 S.Ct. 1770. In any event, the correction of a plain error lies within our discretion, which we "should not exercise ... unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and alteration omitted).

■ In *White*, we applied plain error analysis to an unpreserved claim of statutory *Booker* error, concluding that such an error was not within the class of errors for which prejudice is presumed, and also deciding that such an error was not a structural error which should be noticed regardless of its effect. *See* 405 F.3d at 221–22. Accordingly, in order to obtain relief for an unpreserved statutory *Booker* error, a defendant is obliged to satisfy the standard enunciated in *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), by showing that, "after pondering all that happened without stripping the erroneous action from the whole, the judgment was substantially swayed by the error." *White*, 405 F.3d at 223 (internal quotation marks and alterations omitted). Relying on the absence of any state-

ment by the sentencing court "that it wished to sentence White below the guideline range but that the guidelines prevented it from doing so," there was "no non-speculative basis" for finding prejudice, and we affirmed White's sentence. *Id.* at 223–24.

Rodriguez's sentencing proceedings similarly lack any indication that the court would have imposed a different sentence under an advisory Guidelines regime. If plain error analysis controlled our review, we would thus be constrained to conclude that the sentencing court did not reversibly err in treating the Guidelines as mandatory (the Government's concession notwithstanding).

■ We conclude, however, that Rodriguez properly preserved his claim of statutory *Booker* error by raising a timely *Blakely* objection at sentencing. We are therefore obliged to review his preserved claim of statutory *Booker* error for harmless error. Our position on this issue is consistent with the unanimous view of the nine courts of appeals to have considered the question.[7] *See United States v. Geames*, 427 F.3d 1333, 1339 (10th Cir. 2005) (concluding that statutory *Booker* error was preserved by *Blakely* objection); *United States v. Oates*, 427 F.3d 1086, 1091 (8th Cir.2005) (same); *United States v. Burke*, 425 F.3d 400, 416–17 (7th Cir.2005) (same); *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir.2005) (per cu-

U.S. 83, 87, 73 S.Ct. 534, 97 L.Ed. 842 (1953) ("This Court, of course, is not bound to accept the Government's concession that the courts below erred on a question of law. [Those courts] accepted the Government's argument as then made and, if they were right, we should affirm."); 5 C.J.S. *Appeal and Error* § 748 ("[C]oncession of a point on appeal is by no means dispositive of a legal issue."); *see also Roberts v. Galen of Virginia, Inc.*, 525 U.S. 249, 253, 119 S.Ct. 685, 142 L.Ed.2d 648 (1999) (per curiam) ("Although the concession of a point on appeal by respondent is by

no means dispositive of a legal issue, we take it as further indication of the correctness of our decision today....").

7. As of now, the First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have addressed the issue of whether a *Blakely* objection is sufficient to preserve a claim of statutory *Booker* error. Each of them, as spelled out above, has concluded that a *Blakely* objection suffices to preserve such a claim.

riam) (same); *United States v. Fagans,* 406 F.3d 138, 141 n. 1 (2d Cir.2005) (same); *United States v. Antonakopoulos,* 399 F.3d 68, 76 (1st Cir.2005) (same); *see also United States v. Vialpando,* 150 Fed.Appx. 340, 341 (5th Cir.2005) (unpublished per curiam) (concluding that statutory *Booker* error was preserved by *Blakely* objection); *United States v. Thomas,* 138 Fed.Appx. 759, 762 (6th Cir.2005) (unpublished) (same); *United States v. Mitchell,* 133 Fed.Appx. 449, 450 (9th Cir.2005) (unpublished memorandum) (same).

Although a *Blakely* objection could, as the Second Circuit recently observed, "be viewed as limited to preserving only a Sixth Amendment objection," a defendant raising such an objection has "sufficiently alerted the [sentencing court] to his claim that it was unlawful to use the Guidelines in a compulsory manner." *See Fagans,* 406 F.3d at 141 n. 1. As the *Fagans* court further explained, "we now know that the compulsory use of the Guidelines ... constitutes error, whether the error is considered punishment without due process of valid law or statutory error." *See id.* By interposing a *Blakely* objection, Rodriguez plainly notified the court of his position that he was being sentenced illegally, and he identified the line of Supreme Court precedent upon which he now relies. Accordingly, his claim of statutory *Booker* error is properly preserved, and we review it for harmless error.

### B.

Pursuant to Rule 52(a) of the Federal Rules of Criminal Procedure, "[a]ny error ... that does not affect substantial rights must be disregarded." In reviewing for harmless error, a defendant is thus entitled to relief if an error has affected his substantial rights. The prejudice inquiry under harmless error review differs from the inquiry under plain error review in that, under harmless error, the burden is on the *Government* to show that such an error did *not* affect the defendant's substantial rights. *See Olano,* 507 U.S. at 734, 113 S.Ct. 1770.

Applying harmless error review in this appeal, Rodriguez is clearly entitled to be resentenced. The sentencing court erred in treating the Guidelines as mandatory, *see White,* 405 F.3d at 217, and such error prejudiced Rodriguez. As in *White,* the court offered no indication of whether it might have imposed a different sentence had it considered the § 3553(a) factors under an advisory Guidelines regime. This case differs from *White,* however, in that Rodriguez raised and preserved his legal point in a timely manner. The prejudice burden therefore falls on the Government, and the sentencing court's silence must be interpreted in favor of Rodriguez. Accordingly, we must conclude that Rodriguez was prejudiced when the court treated the Guidelines as mandatory. We are thus obliged to vacate Rodriguez's sentence and remand for further proceedings.[8]

### III.

Pursuant to the foregoing, we vacate Rodriguez's sentence and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*

---

**8.** Because we vacate Rodriguez's sentence for statutory *Booker* error, we need not decide whether, as Rodriguez also contends, the sentencing court committed Sixth Amendment error in concluding that he had been convicted of a crime of violence. The Government, however, represented at oral argument that it could readily establish on remand, by virtue of Rodriguez's Virginia indictment, that his convictions in Prince William County were for crimes of violence within § 2L1.2(b)(1)(A)(ii) of the Guidelines.