**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4453

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEON S. WESTBERRY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-02-1150)

Submitted:  January 18, 2006          Decided:  February 2, 2006

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

William W. Watkins, Sr., WILLLIAM W. WATKINS, P.A., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leon S. Westberry pled guilty to two counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341. At sentencing, the district court determined by a preponderance of the evidence that Westberry was responsible for $4.3 million in intended loss. Though this monetary amount was neither admitted to by Westberry nor found by a jury beyond a reasonable doubt, the district court used it to determine Westberry's offense level and sentenced him to thirty-seven months' imprisonment.

As the government concedes, the district court's fact-finding resulted in a sentence higher than the maximum allowed based only on the facts admitted by Westberry and the sentence thus violates Westberry's Sixth Amendment rights. See United States v. Booker, 125 S. Ct. 738 (2005); United States v. Evans, 416 F.3d 298 (4th Cir. 2005).[1] Because the government cannot demonstrate that the Sixth Amendment error did not affect Westberry's substantial rights, we vacate Westberry's sentence and remand for resentencing. See United States v. Rodriguez, ___ F.3d ___, 2006 WL 9602 (4th Cir. Jan. 3, 2006).

Although the Sentencing Guidelines are no longer mandatory, a sentencing court must still "consult [the] Guidelines

---

[1]As we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Westberry's sentencing.

and take them into account when sentencing." <u>Booker</u>, 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for the determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence. <u>Id.</u> If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and ... reasonable." <u>Id.</u> at 546-47.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[2]Because we conclude that Westberry's sentence must be vacated and remanded, we decline to address Westberry's claim that the district court erred when calculating the loss amount.