**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 04-4893**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND M. MARKER,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-10)

―――――――――――

Submitted: January 6, 2006          Decided: April 6, 2006

―――――――――――

Before WILKINS, Chief Judge, and WILLIAMS and SHEDD, Circuit Judges.

―――――――――――

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

―――――――――――

Nils E. Gerber, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond M. Marker appeals his convictions and sentence for 17 counts of mail and wire fraud, securities fraud, and money laundering. We affirm Marker's convictions. However, because the district court imposed a sentence greater than that allowed by the facts found by the jury alone, we vacate his sentence and remand for resentencing. See United States v. Booker, 543 U.S. 220, 244 (2005); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

I.

Marker was arrested on December 17, 2003, and he was later indicted on numerous charges related to his operation of a fraudulent investment scheme. Following his arrest, the Federal Public Defender's Office was appointed to represent him.

In March 2004, Marker moved to dismiss appointed counsel, claiming that counsel possessed neither the training nor ability to handle a case this complex. Although the district court denied the motion, Marker renewed his objections following a dispute with counsel over the release of certain records to a receiver, who had been appointed in a related civil matter. As a result of that disagreement, Marker claimed that he no longer trusted his attorney and could not work with him. The district court granted Marker's renewed motion but warned him of the perils of proceeding pro se and offered to appoint substitute counsel. An impasse was reached

2

when the district court would not allow Marker to interview prospective counsel and, despite statements that he would move to have certain seized funds released so that he could hire counsel, Marker ultimately represented himself at trial.

At a status conference on June 10, 2004, four days before his trial was to begin, Marker indicated that he was not prepared and complained that he did not have access to a law library, a printer, and other items. On June 14, 2004, when his case was called for jury selection and trial, Marker renewed his complaints about not being prepared and not having access to materials. Once it became evident that the district court would not grant a continuance, Marker announced that he had "had it [and would] not ... participate" in his trial. J.A. 247.

As promised, Marker did not participate. He made no opening or closing statements, presented no evidence, called no witnesses, offered no objections, and conducted no cross-examination. As a result, the Government presented evidence of Marker's fraudulent investment scheme unopposed, and the jury convicted Marker on all 17 counts. The jury thereafter returned a special verdict finding that $857,000 was forfeitable to the Government.

At sentencing, the Government produced evidence demonstrating that Marker had used mass-marketing techniques in promoting his fraudulent investment scheme, had removed and concealed documents, and had made fraudulent investment presentations to various foreign

3

nations seeking investments totaling hundreds of millions of dollars. Based upon this evidence, the district court calculated the loss attributable to Marker's actions to be at least $800 million.

Although Marker's base offense level was six, this loss finding resulted in an enhancement of 26 levels. See United States Sentencing Guidelines Manual § 2S1.1(a)(1) (2001) (directing that the offense level for money laundering is the offense level for the offense from which the laundered funds were derived); id. § 2B1.1(a) (setting forth a base offense level of six for fraud offenses); id. § 2B1.1(b)(1)(N) (providing for a 26-level enhancement for loss greater than $100 million). The district court assessed an additional five offense levels because (1) Marker's offense involved more than ten victims and was committed through mass-marketing, see id. § 2B1.1(b)(2)(A); (2) Marker was convicted under 18 U.S.C.A. § 1957 (West 2000), see id. § 2S1.1(b)(2)(A); and (3) Marker obstructed justice, see id. § 3C1.1. The resulting total offense level of 37, combined with Marker's criminal history category of I, produced a guideline range of 210-262 months imprisonment. However, the court granted Marker's motion to depart on the basis that the offense level overstated the seriousness of the offense and reduced the offense level to 31, producing a guideline range of 108-135 months. The district court sentenced Marker to 110 months imprisonment.

## II.

We have reviewed Marker's challenges to his convictions and find them to be without merit. We therefore consider Marker's sentence.

Marker argues, and the Government concedes, that the sentence imposed by the district court violated his Sixth Amendment rights because it exceeded the maximum sentence authorized by the jury verdict alone. See Booker, 543 U.S. at 244. Because Marker objected below based on Blakely v. Washington, 542 U.S. 296 (2004), his Booker claim is reviewed for harmless error. See United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). By our calculations, the facts found by the jury authorized an offense level of 21 and a guideline range of 37-46 months. This is, obviously, far less than the sentence actually imposed by the district court.

## III.

For the reasons set forth above, we affirm Marker's conviction but vacate and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

5