**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 04-4597**

————————————

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

          versus

ANTWAN ROBINSON,

                                     Defendant - Appellant.

————————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.    Matthew J. Perry, Jr., Senior
District Judge.  (CR-02-1153)

————————————

Submitted:  March 29, 2006          Decided:  April 12, 2006

————————————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

————————————

Vacated and remanded by unpublished per curiam opinion.

————————————

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  Jonathan S. Gasser, Acting United States
Attorney, William K. Witherspoon, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Antwan Robinson pled guilty to possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him as a career offender to a 262-month term of imprisonment. Robinson appeals his sentence, citing United States v. Booker, 543 U.S. 220 (2005), and asserting that he should be resentenced under an advisory Guidelines scheme. Robinson also has filed a motion to remand for resentencing. We grant the motion to remand, vacate the sentence, and remand for resentencing.

Robinson contends that the district court committed statutory Booker error by treating the Sentencing Guidelines as mandatory, not advisory. Because Robinson raised a timely objection at sentencing based upon Blakely v. Washington, 542 U.S. 296 (2004), he has preserved his claim of statutory Booker error. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). Thus, we review Robinson's claim for harmless error, which places "the burden . . . on the Government to show that such an error did not affect the defendant's substantial rights." Id. at 416. Our review of the transcript of the sentencing hearing leads us to conclude that the Government has not met its burden to show that the error is harmless. The district court's silence on how it would apply the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp.

- 2 -

2005) in ascertaining a proper sentence for Robinson must be construed in Robinson's favor. Rodriguez, 433 F.3d at 416. Thus, we conclude that Robinson is entitled to be resentenced.[1]

Accordingly, we vacate Robinson's sentence, grant Robinson's motion to remand, and remand for resentencing consistent with Booker and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[1]In light of our vacatur for statutory Booker error, we need not decide whether, as Robinson also contends on appeal, the district court committed Sixth Amendment error in sentencing him as a career offender. See Rodriguez, 433 F.3d at 416 n.8.

[2]"We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Robinson's] sentencing." Hughes, 401 F.3d at 545 n.4.