**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4160**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERNANDO RAMIREZ CASTILLO, a/k/a Fernando
Ramirez, a/k/a Fernando Cervantes,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CR-03-221)

———————

Submitted:  March 31, 2006        Decided:  April 27, 2006

———————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Kimberly Yvette Best, BEST LAW FIRM, PLLC, Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Fernando Ramirez Castillo pled guilty to two counts of possession of a firearm by a person previously convicted of a felony and two counts of possession of body armor by a person previously convicted of a felony. 18 U.S.C. §§ 922(g), 924(a)(7), 931 (2000). The district court sentenced him to concurrent terms of 46 months on the firearm charges and concurrent terms of 36 months on the body armor charges, with the sentences to run concurrently with each other. Castillo appeals his sentence, citing United States v. Booker, 543 U.S. 220 (2000), and asserting that the district court erred in making factual findings that increased his criminal history category and thus his sentencing range and also that he should be resentenced under an advisory Guidelines scheme. We vacate Castillo's sentence and remand for resentencing.

Castillo contends that the district court committed statutory Booker error by treating the Sentencing Guidelines as mandatory, not advisory. Because Castillo raised a timely objection at sentencing based upon Blakely v. Washington, 542 U.S. 296 (2004), he has preserved his claim of statutory Booker error. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). Thus, we review Castillo's claim for harmless error, which places "the burden . . . on the Government to show that such an error did not affect the defendant's substantial rights." Id. at 416. Our

review of the transcript of the sentencing hearing leads us to conclude that the Government has not met its burden to show that the error is harmless. The district court's silence on how it would apply the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) in ascertaining a proper sentence for Castillo must be construed in Castillo's favor. Rodriguez, 433 F.3d at 416. Thus, we conclude that Castillo is entitled to be resentenced.[1]

Accordingly, we vacate Castillo's sentence and remand for resentencing consistent with Booker and Hughes.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[1]Just as we stated in United States v. Hughes, 401 F.3d 540, (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Castillo's] sentencing." Id. at 545 n.4.

[2]In light of our vacatur for statutory Booker error, we need not decide whether the district court committed Sixth Amendment error. See Rodriguez, 433 F.3d at 416 n.8.