**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4929**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

RAMON ACOSTA-GALLEGOS,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, District Judge. (CR-04-40)

———————

Submitted:  April 19, 2006            Decided:  May 8, 2006

———————

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ramon Acosta-Gallegos appeals the seventy-month sentence imposed after he pleaded guilty to one count of reentry after deportation after having been convicted of a felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). In accordance with the recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 543 U.S. 1097 (2005), the district court also announced an alternate sentence pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), of six years of imprisonment.

Acosta-Gallegos argues that his sentence must be vacated and the case remanded for resentencing because the district court treated the Sentencing Guidelines[*] as mandatory. He does not assert any Sixth Amendment error in the determination of his sentence. Acosta-Gallegos objected to the Guideline calculations at sentencing based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). We therefore review the district court's mandatory application of the Guidelines to determine Acosta-Gallegos' sentence for harmless error. United States v. Rodriguez, 433 F.3d 411, 416 (4th Cir. 2006). In harmless error review, the "defendant is entitled to relief if an error has affected his substantial rights," and the burden is on the Government to show that any error did not affect the defendant's

---

[*]U.S. Sentencing Guidelines Manual (2003).

substantial rights. Id. We have recognized that the application of the Guidelines as a mandatory determinant in sentencing is error. United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

The Government concedes that the district court erred in sentencing Acosta-Gallegos pursuant to a mandatory Guidelines scheme, but argues that the district court's announcement of an alternative sentence renders any error harmless. Specifically, the Government asserts that the Guideline range was properly calculated and would apply on remand, the sentence is within that range, and in view of the lengthier alternate sentence, Acosta-Gallegos would not obtain any relief on resentencing.

Our review of the record leads us to agree with the Government's position. Acosta-Gallegos' sentence is at the bottom of the Guideline range, and the district court announced a slightly higher sentence when it considered the Guidelines as advisory only in conjunction with the factors listed in 18 U.S.C.A. § 3553(a). We conclude that the district court's error in sentencing Acosta-Gallegos pursuant to the then-mandatory Guidelines did not affect his substantial rights.

Accordingly, we affirm Acosta-Gallegos' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED