**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4085**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DONALD RAY BOSWELL, JR.,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-04-239)

———————

Submitted: April 19, 2006            Decided:  May 10, 2006

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Ray Boswell, Jr., pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) (2000). The district court sentenced him as a career offender to a 180-month term of imprisonment. Boswell appeals his sentence, citing United States v. Booker, 543 U.S. 220 (2005). We vacate Boswell's sentence and remand for resentencing.

Boswell contends that the district court committed statutory Booker error by treating the Sentencing Guidelines as mandatory rather than advisory. Because Boswell raised a timely objection at sentencing based upon Blakely v. Washington, 542 U.S. 296 (2004), he has preserved his claim of statutory Booker error. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). Thus, we review Boswell's claim for harmless error, which places "the burden . . . on the Government to show that such an error did not affect the defendant's substantial rights." Id. at 416. Our review of the transcript of the sentencing hearing leads us to conclude that the Government has not met its burden to show that the error is harmless. The district court's silence on how it would apply the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) in ascertaining a proper sentence for Boswell must be

- 2 -

construed in Boswell's favor.  Rodriguez, 433 F.3d at 416.  Thus, we conclude that Boswell is entitled to be resentenced.[1]

Accordingly, we vacate Boswell's sentence and remand for resentencing consistent with Booker and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[1]In light of our vacatur for statutory Booker error, we need not decide whether, as Boswell also contends on appeal, the district court committed Sixth Amendment error in sentencing him as a career offender.  See Rodriguez, 433 F.3d at 416 n.8.

[2]"We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Boswell's] sentencing."  Hughes, 401 F.3d at 545 n.4.