**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4889**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE LAVON MCNEILL,

Defendant - Appellant.

**No. 04-4898**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE LAVON MCNEILL,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-126; CR-04-185)

Submitted: September 25, 2006          Decided: October 18, 2006

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eddie Lavon McNeill pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). At the time he committed this offense, McNeill was on federal supervised release for an earlier bank robbery conviction in South Carolina. After McNeill's guilty plea to the latest robbery, the Probation Officer filed a petition alleging McNeill violated the terms of his supervised release. The district court sentenced McNeill to 176 months of imprisonment for the bank robbery. The court also revoked McNeill's supervised release and sentenced him to twenty-four months of imprisonment to run consecutive to his sentence for bank robbery. McNeill timely appealed, and we affirm.

McNeill's counsel first suggests that the sentence imposed by the district court after revoking McNeill's supervised release was unduly harsh. McNeill does not assert any error in the district court's decision to revoke his supervised release or in the court's application of the advisory provisions of the Sentencing Guidelines.[*] This court recently held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Our review of the record

---

[*]U.S. Sentencing Guidelines Manual Ch. 7 (2004).

- 3 -

convinces us that McNeill's sentence upon revocation of supervised release is not unreasonable, much less plainly unreasonable.

McNeill also challenges the constitutionality of his bank robbery sentence under United States v. Booker, 543 U.S. 220 (2005). Specifically, McNeill argues that the district court's treatment of the Sentencing Guidelines as mandatory and its failure to consider the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) require resentencing. McNeill specifically disclaims any Sixth Amendment error in the determination of his sentence.

In their briefs, the parties assert that, because McNeill did not raise this issue at sentencing, his Booker arguments are reviewed for plain error. After the briefs were submitted, however, this court held that a Blakely objection at sentencing is sufficient to preserve a claim of error under Booker. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). Accordingly, we review McNeill's claims of sentencing error under the harmless error standard. Id. at 415. Under this standard, the Government bears the burden of showing that an error did not affect the defendant's substantial rights. Id. at 416. This court has recognized that the application of the Guidelines as a mandatory determinant in sentencing is error. United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

Our review of the record leads us to conclude that the district court's error in applying the Guidelines in a mandatory manner is harmless.  Although the district court acknowledged the uncertain state of sentencing law at the time of McNeill's sentencing, other remarks by the court indicate that it would not have imposed a lesser sentence under an advisory scheme, or if it had explicitly considered the § 3553(a) factors.  Further, the district court sentenced McNeill to 176 months' imprisonment, well above the low end of the guideline range.  This high-end sentence and the district court's comments reveal that the district court imposed a sentence it concluded was appropriate under the facts, and that a remand would be futile.

We therefore affirm McNeill's sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
