ON REHEARING

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4043

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM GLENN CASTEVENS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (CR-04-268)

Submitted: March 8, 2006              Decided: December 13, 2006

Before LUTTIG,* WILLIAMS, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

*Judge Luttig was a member of the original panel but did not participate in this decision. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Glenn Castevens pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to forty months in prison. Castevens appealed his sentence, and we affirmed by unpublished per curiam opinion. We now grant Castevens' petition for rehearing and, dispensing with briefing and oral argument, modify our prior opinion in light of United States v. Rodriguez, 433 F.3d 411 (4th Cir. 2006), so as to vacate the sentence and remand for resentencing.

Castevens asserts that his sentence violates United States v. Booker, 543 U.S. 220 (2005), because the district court sentenced him under a mandatory sentencing guidelines scheme. After Booker, we held that treating the guidelines as mandatory was plain error. United States v. White, 405 F.3d 208, 215-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). We declined to presume prejudice, id. at 217-22, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citation omitted). In Rodriguez, we held that a defendant who makes an objection at sentencing based on Blakely v. Washington, 542 U.S. 296 (2004), has preserved his claim of statutory error (mandatory application of the guidelines) under

- 3 -

Booker. Rodriguez, 433 F.3d at 415. The appeals court is obliged to review the claim for harmless error, and the burden is on the government to show that the Booker error did not affect the defendant's substantial rights. Id. at 416.

In this case, the district court announced an alternative "Blakely guideline range" of 21-27 months and stated that it would impose a sentence of twenty-four months if that range applied. See White, 405 F.3d at 224. Given this alternative sentence, the government cannot show that the error in treating the guidelines as mandatory did not affect Castevens' substantial rights. See id. at 223 (noting that substantial rights inquiry is the same under plain or harmless error and that only difference is which party bears burden of proof). We conclude that the government has not proven that Castevens' substantial rights were not violated.

Accordingly, we vacate Castevens' sentence and remand for resentencing. We leave intact our previous conclusion that Castevens' placement in criminal history category IV did not violate the Sixth Amendment under Booker.

VACATED AND REMANDED