**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5075**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES A. JACOBS, a/k/a Supa, a/k/a Arthur
Charles Jacobs,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (CR-00-362)

---

Submitted:  December 20, 2006      Decided:  January 29, 2007

---

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

---

James G. Connell, III, DEVINE & CONNELL, PLC, Fairfax, Virginia,
for Appellant.  Lawrence J. Leiser, Michael Rich, Assistant United
States Attorneys, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Charles Jacobs of conspiracy to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000); conspiracy to import five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 952(a) (2000); and aiding and abetting distribution of five hundred grams or more of cocaine, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) (2000). Jacobs was sentenced prior to United States v. Booker, 543 U.S. 220 (2005). Treating the sentencing guidelines as mandatory, the district court sentenced Jacobs to concurrent life sentences on the three counts. Pursuant to United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 543 U.S. 1097 (2005), the district court announced an alternative sentence of concurrent 220-month terms on the three counts.

On appeal, Jacobs challenges his convictions and his sentence. For the reasons that follow, we affirm Jacobs' convictions, vacate his sentence, and remand to the district court for resentencing consistent with Booker.[1]

---

[1]Jacobs timely appealed and moved to remand his case to the district court for resentencing in light of Booker. Because his docketing statement indicated he also intended to challenge his convictions, we deferred action on the motion to remand and reinstated the briefing schedule. We now deny as moot Jacobs' pending motion to remand.

First, Jacobs claims the Government impermissibly bolstered and vouched for the testimony of its witnesses, initially through the testimony of an agent of the Drug Enforcement Agency ("DEA agent") and then during the prosecutor's closing argument. Bolstering is an implication by the Government that the testimony of a witness is corroborated by evidence that the Government knows, but that the jury does not know. United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993). Vouching occurs when an agent of the Government indicates a personal belief in the credibility of a witness. Id. Bolstering and vouching are generally, though not necessarily, committed by the prosecutor during closing argument. See United States v. Rosario-Diaz, 202 F.3d 54, 65 (1st Cir. 2000) (stating prosecutor may not permissibly bolster witness through other witnesses' testimony); United States v. Piva, 870 F.2d 753, 760 (1st Cir. 1989) (stating prosecutor's solicitations of trustworthiness from other Government witnesses may constitute impermissible vouching). Impermissible bolstering and vouching mandate retrial when they "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997) (internal quotation marks omitted).

Jacobs alleges the Government committed "evidentiary bolstering" through the DEA agent's testimony. Jacobs claims the agent implied additional information not known to the jury by

referring to information gleaned from individuals who did not testify; stating he and a fellow DEA agent shared "all the information" they had, even though the fellow DEA agent's testimony only concerned a single event; and explaining what steps he took "to confirm or corroborate" information provided by Jacobs' co-defendants who testified for the Government. We conclude such bolstering did not occur in this context. Cf. Rosario-Diaz, 202 F.3d at 61 (finding FBI agent impermissibly opined concerning star witness' veracity and effectiveness of agency's interrogation techniques rather than "properly [testifying] as to the actions he took to corroborate [the witness'] testimony").

Jacobs further alleges the district court abused its discretion when it denied his motion for a new trial, following the prosecutor's allegedly improper statements during closing argument. On rebuttal, the prosecutor praised the DEA agent, contending the agent's hard work and diligence uncovered a large drug trafficking network and led to Jacobs' prosecution. Jacobs claims the prosecutor vouched for the DEA agent by equating hard work with truthfulness and bolstered the agent's testimony by implying the agent's investigation involved additional facts not known to the jury. However, we conclude the prosecutor neither vouched for nor bolstered testimony. See Sanchez, 118 F.3d at 198 (vouching involves explicit, personal assurances of witness' credibility or trustworthiness); United States v. Francisco, 35 F.3d 116, 120 (4th

Cir. 1994) (stating "the prosecution may make fair inferences from the facts" because "closing argument is not merely a time for recitation of uncontroverted facts").

Next, Jacobs contends the district court improperly admitted into evidence an Internal Revenue Service certification stating Jacobs did not file an income tax return from 1999 to 2002. On cross-examination, Jacobs claimed he filed tax returns during this period; the Government sought to use the certification to impeach Jacobs' credibility pursuant to Fed. R. Evid. 608(b).

A witness' credibility may not be impeached by extrinsic evidence of specific instances of conduct, other than by evidence of a conviction, see United States v. Blackshire, 538 F.2d 569, 572 (4th Cir. 1976), unless the extrinsic evidence is probative of a material issue in the case. United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 531 (4th Cir. 1985). However, even assuming the district court erred in admitting the IRS certification under Rule 608(b), our weighing of the evidence of Jacobs' guilt gives us confidence that any such error did not affect the jury's verdict.[2] See United States v. Ince, 21 F.3d

---

[2]The parties disagree concerning the appropriate standard of review. The Government, noting Jacobs' stated objection solely concerned the time period covered by the IRS certification, contends the issue should be reviewed for plain error. See Fed. R. Crim. P. 52(b). Jacobs, noting the district court expressly discussed the IRS certification's appropriateness under Rule 608(b), contends the scope of his objection was broader and the issue was sufficiently preserved for appellate review. Out of an abundance of caution, we have reviewed the issue for harmless

- 5 -

576, 583 (4th Cir. 1994).  Jacobs' trial lasted over a week and featured more than a dozen witnesses.  In addition to the testimony of several cooperating witnesses linking Jacobs to the drug conspiracy, the DEA agent's telephone toll analysis linked Jacobs to the cooperating witnesses.  We accordingly conclude "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole," that the jury's verdict was not substantially swayed by any error in admitting extrinsic evidence under Rule 608(b).  Kotteakos v. United States, 328 U.S. 750, 765 (1946).

Finally, Jacobs contends his concurrent life sentences violate Booker.  Because Jacobs preserved this issue by objecting under Blakely v. Washington, 542 U.S. 296 (2004), during sentencing, our review is for harmless error.  United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006).  Booker held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  Booker, 543 U.S. at 233-34.  The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

---

error.  See Fed. R. Crim. P. 52(a).

As the Government concedes, the district court sentenced Jacobs under the mandatory federal sentencing guidelines and enhanced Jacobs' sentence based on facts not found by the jury beyond a reasonable doubt or admitted by Jacobs. This error[3] affected Jacobs' substantial rights. Accordingly, although we affirm Jacobs' convictions, we vacate his sentence and remand for resentencing consistent with Booker and Hughes.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[3]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Jacobs' sentencing. 401 F.3d at 545 n.4.

[4]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2006). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

- 7 -