**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4901

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BAXTER SMITH JAMES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:03-cr-00006-3)

Submitted: April 20, 2007          Decided: August 10, 2007

Before WILLIAMS, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Keith Michael Cave, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baxter James pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced James to seventy months' imprisonment and recommended an alternative sentence of eighteen months' imprisonment in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Hammoud, 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc). James did not appeal.

Instead, James filed a 28 U.S.C. § 2255 (2000) motion in district court alleging ineffective assistance of counsel due to his attorney's failure to appeal his sentence under United States v. Booker, 543 U.S. 220 (2005), and seeking to effectuate the alternative sentence of eighteen months' imprisonment as his actual sentence. The court entered an amended judgment imposing the same sentences and conditions as the original judgment form, and James appealed.

In his opening brief, James challenged his sentence, contending the district court treated the sentencing guidelines as mandatory rather than advisory. James claimed this error affected his substantial rights. See United States v. White, 405 F.3d 208, 223-24 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). The Government filed a motion to dismiss the appeal, asserting James waived his right to appeal the sentence by signing a waiver of appellate rights contained in the plea agreement. We directed the

- 2 -

parties to file supplemental briefs addressing whether the seventy-month guidelines sentence, re-imposed by the district court after Booker issued, remains operable. The parties submitted supplemental briefs as directed.

In its supplemental brief, the Government concedes the seventy-month sentence is not operative and agrees with James that his sentence should be vacated and the matter remanded for resentencing. Thus, the Government has abandoned its earlier position that appellate review is precluded by the waiver of appellate rights. Accordingly, we deny the Government's motion to dismiss. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Furthermore, although this Court is "not at liberty to vacate and remand for resentencing on the Government's concession of error alone," United States v. Rodriguez, 433 F.3d 411, 414-15 n.6 (4th Cir. 2006) (citations omitted), we find that the district court's alternative sentence provides a nonspeculative basis for concluding that the court's treatment of the sentencing guidelines as mandatory affected the selection of the sentence imposed. See White, 405 F.3d at 223. Accordingly, we vacate the sentence re-imposed by the district court and remand for re-sentencing consistent with Booker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED