**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4026**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EMMANUEL ELLIS KELLER, a/k/a Mayo, a/k/a Manyo,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:07-cr-00061-FDW-2)

───────────

Submitted:  February 23, 2011        Decided:  April 11, 2011

───────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Aaron E. Michel, Charlotte, North Carolina, for Appellant.  Anne
M. Tompkins, United States Attorney, Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Ellis Keller appeals the sentence imposed following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, 500 grams or more of cocaine, marijuana, and Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846 (2006). The plea agreement provided that neither party would seek an enhancement or reduction from the applicable Guidelines range. We vacate the district court's judgment and remand for further proceedings.

The presentence investigation report recommended enhancements based on Keller's possession of a firearm and role in the offense. Keller objected to the sentencing enhancements as violative of the plea agreement. At the sentencing court's direction, the Government offered corroborating evidence of Keller's possession of a firearm. The Government also offered evidence demonstrating Keller's leadership role in the conspiracy. Although the Assistant United States Attorney (AUSA) stressed that the Government was not seeking the enhancements, he summarized the evidence in favor of each enhancement, as follows:

> First, as to being a leader, . . . it's very clear from all co-conspirators that Mr. Keller was a ranking member of the Hidden Valley Kings . . . .

> [H]e clearly has a leadership role within the gang. That's pretty much undisputed.
>
> As to the shooting, Your Honor, the evidence is pretty strong on this, Your Honor. First, we have Mr. Bridges saying he always carries a 9mm with him. And, of course, Your Honor, as I stated during the last sentencing, we would not rely on that alone, but in this case it is corroborated by independent evidence. Evidence, that I might add, Your Honor, has been developed over the prosecution of this case before and after the Plea Agreement with Mr. Keller.
>
> Over the investigation, it's pretty clear from multiple sources, including the victim [that Keller was involved in shootings].
>
> So the evidence is certainly beyond a preponderance of the evidence in this case that Mr. Keller possessed a gun in relation to drug trafficking, as you heard from Mr. Bridges' debrief that he always carries it and he's a drug dealer, and from the fact that they had a drug dispute . . . and the shooting occurred as a result.
>
> So I believe that the totality of the evidence beyond a preponderance of the evidence shows that Mr. Keller did possess a gun in relation. There was a nexus to the drug dealing. And, therefore . . . the two points probably should be upheld.

Defense counsel again objected, arguing that the AUSA's statements advocated imposition of sentencing enhancements in violation of the plea agreement. The court found ample evidence supported the enhancements and specifically ruled that the Government did not violate the plea agreement "by merely providing the evidence supporting the Probation Office's recommendation" of the enhancements. The court applied the enhancements and sentenced Keller to 293 months of imprisonment. Keller noted a timely appeal.

3

The Government has conceded its failure to uphold the spirit of the plea agreement, and the parties have jointly moved to remand for resentencing on Keller's allegations of sentencing error, breach of the plea agreement, and prosecutorial misconduct. The Government alternatively requests dismissal of the appeal based on Keller's waiver of the right to appeal included in the plea agreement.

Absent a breach of the plea agreement, an appeal waiver should be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). "When a claim of breach of a plea agreement has been preserved, we review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." United States v. Lewis, ___ F.3d ___, 2011 WL 310805 at *3 (4th Cir. 2011) (internal quotation marks and citation omitted). Because Keller preserved appellate review by objecting to the sentencing enhancements, our review is for harmless error. Id.

A concession of error on the part of the Government does not end this court's inquiry, as this court is "not at liberty to vacate and remand for resentencing on the Government's concession of error alone." United States v.

4

Rodriguez, 433 F.3d 411, 415 n.6 (4th Cir. 2006). Rather "our judicial obligations compel us to examine independently the errors confessed." United States v. Robinson, 460 F.3d 550, 558 n.7 (4th Cir. 2006) (internal quotation marks and citations omitted). Courts have a vital interest in assuring that plea agreements are adhered to and handled properly. Lewis, 2011 WL 310805 at *4. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).

Despite reassurances to the contrary, the AUSA specifically advocated for application of the enhancements when he commented in detail on the strength of evidence supporting the enhancements. We accordingly conclude that the Government breached the plea agreement. That the breach may have occurred while complying with the court's directive for presentation of corroborating evidence does not lessen its impact. Santobello, 404 U.S. at 262. Because Keller did not secure the benefit to which he was entitled when the Government sought sentencing enhancements, which the court applied, we find that the error affected Keller's substantial rights and was not harmless. Lewis, 2011 WL 310805 at *7. We therefore do not enforce the appeal waiver. Id. at *7 n.8.

Accordingly, we grant the parties' joint motion to remand, vacate the sentence, and remand for resentencing. We deny Keller's motion for remand based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>