**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5054

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSE ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (CR-04-219)

Submitted: May 8, 2006                    Decided: May 18, 2006

Before WILKINS, Chief Judge, and WILKINSON and MICHAEL, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Lisa C. Phelan, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, James T. Wallner, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

During a search incident to the arrest of defendant Jesse Robinson on an outstanding state-law warrant, Baltimore police officers found a 9mm Jennings handgun tucked into his waistband. A jury subsequently found Robinson guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court determined that Robinson's criminal history qualified him for sentencing under the Armed Career Criminal Act (ACCA), id. § 924(e) (2000 & Supp. II 2002), and sentenced him to a term of 235 months. Robinson appeals, challenging his conviction and sentence. For the following reasons, we affirm the conviction but vacate the sentence and remand for resentencing.

I.

Robinson attacks his conviction on three separate grounds, all of which we find to be without merit. First, he challenges the district court's refusal to grant him a continuance to file a proper pre-trial motion pursuant to Franks v. Delaware, 438 U.S. 154, 171 (1978). See United States v. Jeffus, 22 F.3d 554, 559 (4th Cir. 1994) (reviewing refusal to continue a Franks motion for abuse of discretion). Franks permits a defendant to make an offer of proof, typically through "[a]ffidavits or sworn or otherwise reliable statements of witnesses," that he is entitled to an

2

evidentiary hearing to challenge the validity of a warrant. Franks, 438 U.S. at 171. Here, despite having weeks to secure an affidavit, Robinson simply showed up at court with his witnesses, presenting only an attorney proffer in support of his contention that an evidentiary hearing was warranted. Under these circumstances, the district court did not abuse its discretion in denying Robinson's request for a continuance to prepare the required affidavit.

Second, Robinson contends that the government's rebuttal argument at the close of trial amounted to improper prosecutorial "vouching." "Vouching generally occurs when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of [a] witness." United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993). Robinson suggests that the prosecutor impermissibly vouched for the testimony of police officers when he argued that accepting the defense's theory of the case would require the jury to find that the officers had lied on the stand and that such a finding would be unreasonable and insulting.

There was no improper vouching here because these comments were "not an expression of personal opinion by the prosecutor; rather, [they were] a permissible rebuttal to a defense argument," as defense counsel had just finished arguing to the jury that the officers shaped their testimony to secure a conviction. United

States v. Morsley, 64 F.3d 907, 912 (4th Cir. 1995); see also United States v. Scott, 267 F.3d 729, 740-41 (7th Cir. 2001) (no error to rebut defense suggestion that prosecution witnesses lied). Moreover, even if vouching did take place, reversal is warranted only if the improper statements "so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Collins, 401 F.3d 212, 217 (4th Cir. 2005) (internal quotation marks omitted). We cannot conclude that this was the case here.

Third, Robinson contests the sufficiency of the evidence against him, arguing that the government failed to establish a continuous chain of custody for the weapon introduced into evidence as the one he possessed at the time of his arrest. "[C]hain of custody is not an iron-clad requirement," and a "missing link" in the chain is not fatal "so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995) (internal quotation marks omitted). Considering the evidence -- including unequivocal direct testimony from the arresting officer -- in the light most favorable to the government, we find ample reason why the jury could conclude that the gun introduced into evidence was indeed the same one recovered from Robinson. See United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc).

4

II.

With respect to his sentencing, Robinson presents two further arguments for our review. First, he claims that it was error under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), for the district court to find him eligible for sentencing under ACCA based on predicate convictions that had neither been found by a jury nor admitted by him. But even after Blakely and Booker, "the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005); see also Booker, 543 U.S. at 244 (only facts "other than a prior conviction" must be admitted or proven to jury).

Second, Robinson claims -- and the government concedes -- that we must remand for resentencing because the district court treated the Guidelines as mandatory in deciding on his sentence. We have referred to this as "statutory Booker error," and because Robinson raised a proper objection below, we review for harmless error. United States v. Rodriguez, 433 F.3d 411, 414 & n.6, 416 (4th Cir. 2006). We find no indication in the record that the error was harmless, and thus agree with the parties that a remand is necessary. See id. at 416.

5

III.

We therefore affirm Robinson's conviction, but vacate his sentence and remand for resentencing in accordance with Booker. Although the sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing" a defendant.  543 U.S. at 264.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2005), and then impose a sentence.  See Hughes, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2).  See Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range" and "reasonable."  Id. at 547.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

6