**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5090**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANK D. SNYDER,

Defendant - Appellant.

**No. 04-5122**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEFAN VALENTI MOSLEY,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-03-194)

Submitted: April 26, 2006          Decided: June 9, 2006

Before LUTTIG,[1] MICHAEL, and MOTZ, Circuit Judges.

---

No. 04-5090 affirmed in part, vacated in part, and remanded; No. 04-5122 affirmed by unpublished per curiam opinion.

---

Elita C. Amato, Washington, D.C., Joseph J. Gigliotti, Silver Spring, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Deborah Johnston, Chan Park, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

[1]Judge Luttig was a member of the original panel but did not participate in this decision. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Frank D. Snyder and Stefan Valenti Mosley appeal their convictions and sentences for conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1) (2000). Mosley also appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no reversible error with Mosley's conviction and sentence, we affirm. We affirm Snyder's conviction, but we vacate his sentence and remand for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

Snyder first claims that the district court erred in denying his motion for a judgment of acquittal. We review the denial of a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996)). In resolving issues of substantial evidence, we do not weigh evidence or reassess the

factfinder's assessment of witness credibility. <u>United States v. Sun</u>, 278 F.3d 302, 313 (4th Cir. 2002).

To prove conspiracy under 21 U.S.C. § 841 (2000), the Government must prove an agreement to violate a federal drug law, the defendant's knowledge of the conspiracy, and the defendant's willing participation. <u>United States v. Strickland</u>, 245 F.3d 368, 384-85 (4th Cir. 2001). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. <u>Burgo</u>s, 94 F.3d at 857. Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction. <u>United States v. Brooks</u>, 957 F.2d 1138, 1147 (4th Cir. 1992). The knowledge and participation elements of conspiracy may be shown by circumstantial evidence. <u>Strickland</u>, 245 F.3d at 385.

While Snyder concedes the existence of a drug conspiracy led by Mosley, he claims the evidence of his drug activity does not link him to Mosley's conspiracy. However, the Government presented sufficient testimonial and written evidence to prove that Snyder participated in the conspiracy. The Government also presented sufficient evidence that Snyder possessed cocaine on or around February 24, 2003. The district court correctly denied Snyder's motion for judgment of acquittal.

Snyder also contends the district court erred when it denied his motion for severance. We review the denial of a pretrial ruling on a motion for severance for abuse of discretion. United States v. Rivera, 412 F.3d 562, 571 (4th Cir. 2005). Generally, individuals indicted together should be tried together and "[a] defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because the evidence against one defendant is not as strong as that against the other." Strickland, 245 F.3d at 384. A defendant must instead "show prejudice . . . [c]onvictions should be sustained if it may be inferred from the verdicts that the jury meticulously sifted the evidence." United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987).

Snyder claims that evidence only related to Mosley prejudiced the jury against him. However, Snyder is unable to prove any actual prejudice and only claims the potential prejudice of the jury grouping him together with Snyder's actions. Claims of potential prejudice generally are addressed through limiting instructions to the jury. See Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Hayden, 85 F.3d 153, 160 (4th Cir. 1996). The district court specifically instructed the jury to deliberate upon each defendant and each count separately. Snyder did not suffer prejudice simply because the evidence was stronger against Mosley than against him. See Strickland, 245 F.3d at 384;

<u>United States v. Akinkoye</u>, 185 F.3d 192, 197 (4th Cir. 1999). The district court did not abuse its discretion in denying Snyder's motion for severance.

Snyder next claims that the district court erred when it admitted evidence of two incidents in 1998. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. <u>United States v. Lancaster</u>, 96 F.3d 734, 744 (4th Cir. 1996). Such discretion is abused only when a district court has acted "arbitrarily or irrationally." <u>United States v. Moore</u>, 27 F.3d 969, 974 (4th Cir. 1994).

At trial, a police detective testified that in October 1998 he observed Snyder participating in hand-to-hand drug transactions near Burnside Avenue in Palmer Park, Maryland. Another police officer testified that in November 1998 during a traffic stop on a car driven by Snyder he observed cocaine stuck to the passenger side door. Snyder objected to this evidence as inadmissable prior bad acts evidence under Fed. R. Crim. P. 404(b). Rule 404(b) only applies to acts extrinsic to the crime charged. Where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible. <u>United States v. Chin</u>, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." <u>Id.</u> The

indictment charged an ongoing narcotics conspiracy from 1998 to 2003 involving the sale of cocaine on the streets of Palmer Park. The evidence places Snyder at a location where drug transactions were occurring early in the time frame of the conspiracy. The district court did not abuse its discretion because the evidence was inextricably intertwined with the drug conspiracy as it arose out of the same series of transactions as the charged offense.

Snyder and Mosley finally claim that the district court improperly sentenced them under Booker. In Booker, the Supreme Court concluded the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750. Because they preserved this claim by objecting under Blakely v. Washington, 542 U.S. 296 (2004), our review is for harmless error. See United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006).

Mosley claims the district court erred by sentencing him under the pre-Booker mandatory guidelines framework. While the district court sentenced him under the then-mandatory sentencing guidelines, "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence. . . . [A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of

conviction." <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir. 2005). As Mosley had two prior felony drug convictions, he was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). Because the district court sentenced Mosley pursuant to the mandatory statutory requirement, no error occurred under <u>Booker</u>.

For Snyder, the jury specifically found drug quantities of a total of at least five kilograms of cocaine, fifty grams or more of cocaine base, and one kilogram of PCP. Based on the jury's findings, Snyder should only have received a base offense level of thirty-two under <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(4) (2004). At sentencing, the district court found quantities of drugs far in excess of the level necessary for a base offense level of thirty-eight under USSG § 2D1.1(c)(1). The district court also used judicially found facts not found by the jury to enhance Snyder's sentence two offense levels for possession of a firearm under USSG § 2D1.1(b)(1). The district court's factual findings increased Snyder's sentencing range from 168 to 210 months to 360 months to life imprisonment. Snyder's 360 month sentence thus exceeds the sentence that could have been imposed based only on the facts found by the jury. In light of <u>Booker</u>, we vacate Snyder's sentence and remand the case for resentencing.[2] Although the

_____

[2]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the

- 8 -

sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Accordingly, we affirm Mosley's conviction and sentence. We affirm Snyder's conviction. In light of Booker, we vacate Snyder's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

> No. 04-5090 AFFIRMED IN PART,
> VACATED IN PART, AND REMANDED
> No. 04-5122 AFFIRMED

---

time" of Snyder's sentencing.