**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4931

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER WAYNE TURNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge.  (CR-04-86)

Submitted:  May 24, 2006                    Decided:  June 23, 2006

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert H. Hale, Jr., Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Wayne Turner appeals his seventy-month prison sentence resulting from his plea of guilty to distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841 (2000), but does not appeal from his conviction. We vacate his sentence and remand for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

Turner claims the district court erred by applying the Sentencing Guidelines as mandatory. In Booker, the Supreme Court concluded that even in the absence of a Sixth Amendment violation, the imposition of a sentence under the mandatory guidelines regime was error. Booker, 125 S. Ct. at 769; see also United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005). This court explained in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), that sentencing under a mandatory regime is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in Booker." Hughes, 401 F.3d at 553. The court recognized that "[t]his error . . . may be asserted even by defendants whose sentences do not violate the Sixth Amendment." Id. Such is the case here.[1]

---

[1]While the district court sentenced Turner using a higher drug quantity than he admitted, no Sixth Amendment error occurred because the sentence imposed was less than the maximum sentence that would have been authorized under the Guidelines by the drug quantity Turner admitted, absent the downward adjustment Turner received for acceptance of responsibility. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).

As Turner raised a timely objection under <u>Blakely v.</u> <u>Washington</u>, 542 U.S. 296 (2004), he has preserved his claim of statutory <u>Booker</u> error. <u>United States v. Rodriguez</u>, 433 F.3d 411, 415 (4th Cir. 2006). Thus, we review his claim for harmless error, which places "the burden . . . on the Government to show that such an error did not affect the defendant's substantial rights." <u>Id.</u> at 416. The Government concedes that it cannot show the error was harmless and cannot satisfy its burden of showing the error did not affect Turner's substantial rights. There is no indication from the record how the district court would sentence Turner under the current advisory guidelines system. Therefore, Turner must be resentenced.[2]

Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all the factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines

---

[2]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Turner's sentencing.

range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

Accordingly, we vacate Turner's sentence and remand for resentencing in light of <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>