**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5085**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROMONA TAYLOR WILLIAMS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-03-284)

---

Submitted: May 3, 2006                    Decided: July 5, 2006

---

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

Remanded by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Romona Taylor Williams ("Williams") pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341 (2000), and was sentenced to six months of imprisonment, followed by six months of home confinement. Before this court is Williams' appeal and a joint motion to remand for resentencing.

Williams argues the sentence imposed violates her Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), and challenges the district court's application of the sentencing guidelines as mandatory. Because she objected at sentencing based on Blakely v. Washington, 542 U.S. 296 (2004), Williams has preserved the constitutional issue. United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006). For the reasons set forth below, we grant the motion to remand for resentencing.

As calculated by the probation officer and adopted by the district court, Williams' base offense level was six. United States Sentencing Guidelines Manual § 2B1.1(a)(2) (2003) ("USSG"). This was increased six levels, pursuant to USSG § 2B1.1(b)(1)(D) (2003), because the total loss attributable to Williams was $63,788.65. Williams' offense level was then raised two levels for abuse of trust. USSG § 3B1.3 (2003). After a two-level reduction for acceptance of responsibility, Williams' total offense level was twelve. USSG § 3E1.1(a) (2003). This, coupled with a criminal

history category I, yielded a sentencing range of ten to sixteen months' imprisonment. USSG Ch. 5, Pt. A (2003) (sentencing table).

We first find the district court did not commit Sixth Amendment error in sentencing Williams. A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 244. To ascertain whether the defendant's sentence violated her Sixth Amendment rights post-Booker, this court employs the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility." United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Williams conceded a total loss of $12,634. Thus, according to Williams' own admission, her base offense level is ten. USSG § 2B1.1(b)(1)(C) (2003) (requiring a four-level increase for total loss greater than $10,000). Assuming a category I criminal history, Williams' sentencing range would be six to twelve months' imprisonment. See USSG Ch. 5, Pt. A. As Williams' sentence does not exceed the maximum sentence authorized by the facts she admitted, there is no Sixth Amendment violation.

We next address the district court's application of the guidelines as mandatory; because Williams preserved the issue by objecting below, we review for harmless error. See Booker, 543 U.S. at 268; Rodriquez, 433 F.3d at 416. "[T]he burden is on the government to prove that the district court would not have imposed

a lesser sentence if it had known that the Guidelines were not mandatory." <u>United States v. Williams</u>, 445 F.3d 724, 741 (4th Cir. 2006).

We conclude that the Government has not carried its burden. The sentencing transcript reveals that the district court explicitly relied on the minimum term authorized by the calculated guidelines range as the controlling factor in determining Williams' sentence. Though the district court did not sentence Williams to the lowest sentence available under the guidelines, its comments indicate that the minimum term was the baseline consideration for its ultimate sentencing determination. Even though the twelve-month sentence falls within the proper guidelines range, the district court was laboring under the mistaken view that the guidelines range was ten to sixteen months. Had the district court faced the proper guidelines range of six to twelve months, it seems likely that the district court would not have imposed a twelve-month sentence — the top end of the range. Accordingly, we grant the motion to remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REMANDED</u>