**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4088**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAUL BARRERA-RENTERIA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (CR-04-310)

Submitted:  June 21, 2006               Decided:  July 18, 2006

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David B. Freedman, WHITE AND CRUMPLER, Winston-Salem, North Carolina, for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Saul Barrera-Renteria appeals his eighty-four month prison sentence imposed following his guilty plea to illegal reentry after having been convicted of a felony and being deported, in violation of 8 U.S.C. §§ 1326 (a), (b)(2) (2000). He does not appeal his conviction. We vacate his sentence and remand for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

In Booker, the Supreme Court concluded the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-57.

Barrera-Renteria contends that the two criminal history points assessed for committing the instant offense while on parole were based upon facts found by the judge, and not admitted to, in violation of his Sixth Amendment rights. Because Barrera-Renteria preserved this issue by objecting to the presentence report ("PSR")

- 2 -

based upon Blakely v. Washington, 542 U.S. 296 (2004), we review for harmless error. When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). In this case, any presumed error is harmless because even removing the two criminal history points, Barrera-Renteria still has ten criminal history points, and would remain in Criminal History Category V, which applies to defendants with ten to twelve criminal history points. United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). No reversible Sixth Amendment error occurred.

Barrera-Renteria also asserts that the district court's mandatory application of the Guidelines constitutes reversible error. Because Barrera-Renteria raised a timely Blakely objection at sentencing, he has preserved his claim of statutory Booker error. United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006). Thus, we review Barrera-Renteria's claim for harmless error, which places "the burden . . . on the Government to show that such an error did not affect the defendant's substantial rights." Id. at 416. The Government concedes that it cannot show the error was harmless and cannot satisfy its burden of showing the error did not affect Barrera-Renteria's substantial rights. There is no indication from the record how the district court would

sentence Barrera-Renteria under the current advisory guidelines system.  Therefore, Barrera-Renteria must be resentenced.*

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all the factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Accordingly, we vacate Barrera-Renteria's sentence and remand for resentencing in light of Booker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

*Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Barrera-Renteria's sentencing.

- 4 -