**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4503**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAUL BARRERA-RENTERIA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:04-cr-00310-JAB)

Submitted:  January 18, 2008          Decided:  January 29, 2008

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, P.A., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saul Barrera-Renteria pled guilty to illegal reentry after having been convicted of a felony and being deported, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Barrera-Renteria challenged his eighty-four-month sentence on appeal; we vacated the sentence and remanded to the district court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Barrera-Renteria, 185 F. App'x 313 (4th Cir. 2006) (unpublished). The district court adopted without objection the same sentencing guidelines calculations it adopted at the initial sentencing and sentenced Barrera-Renteria to seventy months' imprisonment, at the bottom of the guidelines range. Barrera-Renteria again challenges his sentence on appeal, claiming it is unreasonable. We affirm.

In imposing a sentence after Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and then consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Id. at 433. A sentence within the proper advisory guidelines range is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v.

United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness to within-guidelines sentence).

Barrera-Renteria contends the district court imposed an unreasonable sentence because it did not grant him a variance below the properly calculated sentencing guidelines range. He argued at resentencing his case was distinguishable from many other illegal reentry cases because of his particular history and characteristics and because he did not have an opportunity to take part in the fast-track program available in other districts. Barrera-Renteria's contention fails. See Johnson, 445 F.3d at 345 (stating district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record") (internal quotations and citation omitted); United States v. Perez-Pena, 453 F.3d 236, 243-45 (4th Cir.), cert. denied, 127 S. Ct. 542 (2006) (holding sentencing disparities between defendants receiving and defendants not receiving fast-track downward departures "warranted" as matter of law and do not justify imposition of below-guidelines variance sentence). Resentencing was conceptually simple, the district court considered the arguments presented at the resentencing hearing, and the court was not required to comment more extensively. See Rita, 127 S. Ct. at 2469. We conclude the sentence was reasonable.

Accordingly, we affirm Barrera-Renteria's sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED