**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4698

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROMI RAHEMM WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-93)

Submitted:  August 31, 2006        Decided:  December 11, 2006

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Romi Rahemm White appeals his sentence imposed after he pled guilty to possession of $9,740 in counterfeit currency, in violation of 18 U.S.C. § 472 (2000). He challenges his sentence alleging that the district court violated the Sixth Amendment in calculating his criminal history points and in sentencing him under the mandatory sentencing guidelines scheme. We affirm.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 233-34. "To establish that a Sixth Amendment error occurred in his sentencing, [a defendant] must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted." United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).

White argues that the district court violated the Sixth Amendment in calculating his criminal history points. White does not contest any of the facts of the prior convictions used to calculate his score. Because he alleges factual determinations are essential to the calculation of his criminal history category, he claims his guideline range should be calculated using the lowest criminal history category of I.

White's challenge to his criminal history calculation under Booker is unavailing. In Shepard v. United States, 544 U.S. 13 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." Id. at 26-28. Here, White does not contest any facts about his prior convictions used to arrive at his criminal history score. Indeed, the district court was not called upon to consider any facts regarding the convictions. Thus, the court's determination as to the criminal history category did not violate the Sixth Amendment. See United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (finding no Sixth Amendment violation when nature and separateness of predicate offenses for career offender status were undisputed); cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about prior conviction to determine that it was crime of violence violated Sixth Amendment). Because White's guideline calculation was based on facts admitted by him and not on judicial fact-finding, his sentence did not violate the Sixth Amendment.

White also makes a summary challenge to his sentence based on the court's mandatory application of the sentencing guidelines. Although there is no Sixth Amendment error in this case, White was sentenced under a mandatory sentencing guidelines

scheme. In Booker, the Supreme Court concluded that, even in the absence of a Sixth Amendment violation, the imposition of a sentence under the mandatory guidelines scheme was error. Booker, 543 U.S. at 267-68. This court explained that sentencing under a mandatory scheme is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in Booker, and it is non-constitutional in nature." United States v. Hughes, 401 F.3d 540, 553 (4th Cir. 2005). The court recognized that "[t]his error may be asserted even by defendants whose sentences do not violate the Sixth Amendment." Id. (footnote omitted).

Because White raised a timely Blakely v. Washington, 542 U.S. 296 (2004), objection at sentencing, he has preserved his claim of statutory Booker error. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). Thus, this court reviews White's claim for harmless error, which places "the burden . . . on the Government to show that such an error did not affect the defendant's substantial rights." Id. at 416. "The Government can make such a showing if the sentencing court indicated that it would not have imposed a lesser sentence under an advisory (rather than a mandatory) Guidelines regime." United States v. Sullivan, 455 F.3d 248, 266 (4th Cir. 2006) (citing Rodriguez, 433 F.3d at 416) (King, J., concurring).

Here, there is no indication that the district court would have imposed a lower sentence had the sentencing guidelines

- 4 -

been advisory.  We conclude, based on the court's statements at sentencing, that imposition of White's sentence under the mandatory guidelines scheme was harmless error.  See <u>Sullivan</u>, 455 F.3d at 266.

We therefore affirm White's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>