**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4831**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANDAKO MESHAWN BRANDON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (CR-02-193)

_____

Submitted:  September 20, 2006        Decided:  January 23, 2007

_____

Before WILKINSON, LUTTIG,[1] and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, L. Patrick Auld, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

[1]Judge Luttig was a member of the original panel but did not participate in this decision on rehearing.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandako Meshawn Brandon appeals his 360-month sentence imposed following remand from this court[2] for one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a). On this second appeal, we affirmed his sentence, having previously affirmed his conviction. Brandon now petitions for rehearing. Because we cannot be certain of the district court's sentencing explanations following our earlier remand, we think the most prudent course is simply to grant the petition and have the district court clarify its intentions on resentencing.

Brandon first contends that the district court's finding that he qualified as a career offender was impermissibly based upon facts not alleged in the indictment or admitted to, in violation of his Sixth Amendment rights. Because Brandon preserved this issue by objecting under Blakely v. Washington, 542 U.S. 296 (2004), to being sentenced as a career offender, we review for harmless error. See United States v. Rodriguez, 433 F.3d 411, 415 (4th Cir. 2006).

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance

---

[2]See United States v. Brandon, 363 F.3d 341 (4th Cir. 2004).

of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.

The Supreme Court nevertheless reaffirmed its prior holding in <u>Apprendi</u> that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 543 U.S. at 244. This court has held that the application of the career offender enhancement falls within the exception for prior convictions where the facts are undisputed, making it unnecessary for the district court to engage in further fact-finding about a prior conviction. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005); <u>see also</u> <u>Shepard v. United States</u>, 544 U.S. 13, 16 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record). Accordingly, Brandon's claim must fail.

Moreover, we reject Brandon's contention that under Booker, the district court violated his Sixth Amendment rights by making impermissible factual findings in determining his criminal history category.  In Shepard, the Supreme Court recognized that the prior conviction exception survived Booker, but held the Sixth Amendment protections apply to "a disputed fact . . . about a prior conviction."  Shepard, 544 U.S. at 25.  Instead of challenging the accuracy or the "fact" of his prior convictions, Brandon asserts that the increase required more than just judicial notice of the "fact" of the prior convictions because the district court had to consider the type of conviction and whether it qualified as a violent felony, the length and type of sentence imposed, and recency of the prior convictions in relation to the instant offense.  We conclude, however, that the district court was required only to take judicial notice that Brandon had been convicted and when the conviction occurred, both facts that are a matter of public record and require no interpretation. Accordingly, we conclude that the district court's recognition of the existence of Brandon's prior convictions and assessment of the timing of those convictions was not in violation of his Sixth Amendment rights.

Brandon's Blakely objection, however, also preserves a claim that the district court committed statutory error by treating the Sentencing Guidelines as mandatory.  See Rodriquez, 433 F.3d at

414. Because the statutory error was preserved below, we review for harmless error. Under harmless error review, the burden is on the government to prove that the district court would not have imposed a lesser sentence if it had known that the Guidelines were not mandatory. See id. at 415-16. We conclude that the government has not satisfied that burden.

When sentencing Brandon, the district court announced an alternate sentence of 262 months. The government contends that this alternate sentence does not reflect the sentence that the court would have given under an advisory sentencing scheme because the district court stated that the alternate sentence was based on an assumption that the career offender guidelines would not apply after Blakely. The district court, however, also referred to our then-recent opinion in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (en banc),[3] which required district courts to announce an alternate sentence pursuant to 18 U.S.C.A. § 3553(a) "treating the guidelines as advisory only." Id. at 353. This reference to Hammoud, when considered with the court's statement that the alternate sentence resulted from the removal of the career offender provisions from the sentencing calculation, leaves us uncertain as to the true nature of the alternate sentence announced by the court. And contrary to the government's suggestion, we do not

_____

[3]After deciding Booker, the Supreme Court vacated and remanded Hammoud. See Hammoud v. United States, 543 U.S. 1097 (2005).

- 6 -

believe that the uncertainty can be resolved by referring to the district court's explanation in a later, unrelated case, of the court's general practices with regard to alternate sentences. Because the government has not proved that the district court would not have imposed a lesser sentence under an advisory guidelines scheme, we conclude that Brandon is entitled to resentencing.

Accordingly, we vacate Brandon's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED