**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4099**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALANDIS DANTE BOULWARE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:99-cr-00164)

─────────────

Submitted:  October 31, 2007          Decided:  December 10, 2007

─────────────

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Lawrence W. Hewitt, Jon P. Carroll, JAMES, MCELROY & DIEHL, P.A., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2000, Alandis Dante Boulware pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The court sentenced Boulware to fifty-seven months in prison with a period of three years of supervised release to follow. Boulware's release commenced on January 16, 2004.

On November 7, 2006, Boulware's supervised probation officer filed a Petition for Warrant or Summons alleging various supervised release violations. Specifically, the petition alleged that Boulware: (1) tested positive for marijuana on January 23, 2004, and June 3, 2004; (2) admitted using marijuana on May 12, 2004; (3) was arrested on November 26, 2004, and charged with misdemeanor driving while impaired, felony possession of marijuana, and felony possession of cocaine; (4) was arrested on February 23, 2006, and charged with misdemeanor possession of marijuana up to one-half ounce, felony possession of cocaine, and misdemeanor possession of drug paraphernalia; and (5) pled guilty to misdemeanor driving while impaired on September 29, 2005, and pled guilty to felony possession of marijuana and felony possession of cocaine on September 11, 2006. The petition requested that the district court issue a warrant for Boulware's arrest and revoke his supervised release. The probation officer noted that the violations were Grade B violations pursuant to U.S. Sentencing

- 2 -

<u>Guidelines Manual</u> § 7B1.1(a)(2), and with Boulware's criminal history score of IV, the recommended sentencing guidelines range was twelve to eighteen months in prison.

At the revocation hearing, the Government argued that Boulware should receive the statutory maximum of two years in prison. Boulware admitted that he had violated the terms of his supervised release but argued that the district court should not impose the maximum because many of Boulware's violations arose from the same course of conduct on November 26, 2004, he was currently working to support his minor children and had retained a steady job while on release, and he had already served a sixty-day active state sentence. The court found that Boulware violated the terms and conditions of his release and revoked the release. The court then upwardly departed from the recommended guidelines range and sentenced Boulware to twenty-four months in prison, less the sixty days he had already served, for a total imprisonment term of twenty-two months, with a fourteen-month term of supervised release to follow. Boulware timely appeals his sentence, arguing that the district court erred by upwardly departing from the advisory guidelines range and imposing a plainly unreasonable sentence. Finding no error, we affirm.[*]

---

[*]The Government has conceded that the district court erred in not offering an explanation of its reasons for imposing a sentence above the guidelines range recommended by the applicable Policy Statement. However, we are not bound to vacate the sentence solely on the basis of the Government's concession. <u>See</u> <u>United States v.</u>

Boulware contends on appeal that the sentence imposed is unreasonable because the district court did not adequately provide reasons for the departure. Boulware's twenty-two month sentence falls within the range authorized by statute and is reviewable only to determine if it is "plainly unreasonable" with regard to those 18 U.S.C. § 3553(a) (2000) factors applicable to supervised release revocation sentences. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). As purely advisory policy statements, the sentencing ranges provided by USSG § 7B1.4 have never bound the sentencing court. See United States v. Davis, 53 F.3d 638, 640 n.6, 642 (4th Cir. 1995). This court grants broad authority to the district court to revoke its previous supervised release sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 440 (citing United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)).

Although Boulware was sentenced above the guidelines range, his sentence did not exceed the statutory maximum of two years. Moreover, the district court sentenced Boulware after hearing from Boulware, Boulware's counsel, and the probation officer. The court heard evidence that Boulware committed numerous violations of the terms of his supervised release, and Boulware admitted to these violations. While not explicitly stating its reasons for departure in announcing the sentence, the district

Rodriquez, 433 F.3d 411, 414-15 n.6 (4th Cir. 2006).

court had just heard from the Government about Boulware's extensive criminal history, including his prior convictions for involuntary manslaughter and felon in possession of a firearm, his recidivism, and his propensity to possess and use drugs. Moreover, the presentence report outlined drug offenses stemming back to 1995. The court expressed its concern over Boulware's drug addiction and the need to break the addiction, explaining that while incarcerated Boulware would have less of an opportunity to obtain drugs, and while on release he could be monitored for drug usage. Implicit in the court's sentence was the need for drug rehabilitation and treatment and the need to deter Boulware from committing further drug-related crimes.

In light of the evidence, the district did not impose a plainly unreasonable sentence when it upwardly departed from the guidelines range. Accordingly, we affirm Boulware's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED